Frank Deloney, Appellee, v. Dependable Accident & Health Insurance Company, Appellant.

Gen. No. 35,131.

Opinion filed October 19, 1931.

McKinney, Lynde & Grear, for appellant; A. A. McKinley and O. W. Barnes, of counsel.

Clayton & McCoy, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action on an accident and health insurance policy issued by the defendant, claiming $375 was due him under the policy. The defendant

denied liability on the ground that the policy was not in effect at the time plaintiff was injured because of plaintiff's failure to pay the monthly premium, and further that plaintiff had failed to furnish defendant with notice of the injury and make proof of loss as provided in the policy. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for the amount of his claim. The defendant appeals.

The policy, which is not dated, on which plaintiff predicates his suit, recites the payment of $5 to the defendant by plaintiff and states that plaintiff is insured from September 4, 1929, until October 1, 1929, and that the policy may continue "for one or more consecutive periods of one month each by the payment of Two and No/100 Dollars for each period of one month, and the payment of all subsequent premiums required under this policy, such payment to be made at or before noon, Standard Time, of the day the preceding period expires." The policy contains the "Standard Provisions" required by the statute of this State, sec. 3, chap. 73, Cahill's 1931 Stats., ¶ 469, paragraph 3 of these provisions is as follows: "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the insurer or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance." Paragraph 4 provides that the assured in case of injury must give the company written notice of the injury on which he bases his claim within 20 days after the date of the accident causing the injury, or within 10 days after the commencement of disability from such sickness. Paragraph 7 requires the assured, in case he makes a claim, to furnish the company with affirmative proofs of loss within 90 days

after the termination of the period for which the company is liable; and by section 6 of the provisions the company, upon receipt of a notice of the injury of an assured, will furnish the claimant such forms as are usually furnished for the filing of proofs of loss, and that if such forms are not furnished by the company within 15 days after the receipt of notice, claimant shall be deemed to have complied with the requirements of the policy as to proof of loss.

On the trial the case turned on the question whether plaintiff had failed to pay the premiums as the policy provided, by reason whereof the policy was not in effect on March 6, 1930, the day plaintiff was injured.

The court expressly found that plaintiff had paid all the premiums required by the policy and that it was in force and effect on the day plaintiff was injured. We think the court finding was warranted by the evidence, and it is certain that we would not be warranted in setting aside the finding on the ground that it was against the manifest weight of the evidence.

There is no dispute as to the amount of money plaintiff paid defendant, and there is little dispute as to the dates on which payments were made, but the explanation made by defendant's witnesses, and especially by the manager of the company, is in some respects confusing, uncertain and contradictory.

Defendant issued to plaintiff an "Official Premium Receipt" on which defendant's agent noted the several dates the premiums were paid by plaintiff. They are: September 13, $3; October 2, $3; November 1, $3; December 4, $3; February 4, $3; February 27, $3; March 10, $3, and the policy recites the payment of $5. Defendant, by witnesses, attempted to explain these payments, as it had a right to do, because a receipt is always explainable; but the explanation is unsatisfactory. Some of the testimony is to the effect that the $5 paid, as mentioned in the policy, went to

the agent of the company who procured the insurance. Other testimony is to the effect that the $3 noted on the official premium receipt card on September 13 was a part of the $5. Obviously, it was immaterial to the plaintiff how the money was divided between the company and its agent. As stated, in view of the unsatisfactory testimony given by defendant's witnesses, we are not authorized under the law to disturb the finding of the court. Moreover, there is another reason why the judgment cannot be disturbed—because in any view of the evidence we hold that the policy was in full force and effect on March 6, the date on which plaintiff was injured. Paragraph 3 of the Standard Provision above quoted provides that if there be a default in the payment of the premium, the subsequent payment of the premium "shall reinstate the policy but only to cover accidental injury thereafter sustained." The policy provides for a monthly payment of $2, and it being undisputed that plaintiff paid the defendant $3 on February 27, this payment reinstated the policy for a period of one calendar month thereafter, or until March 27, and not, as defendant contends, that that payment merely paid for the balance of the calendar month of February. If that were the proper construction of the policy, then plaintiff would be paying $3 for one day's insurance because February has 28 days. There is no provision in the policy that when a payment of the premium is made after the policy has lapsed after the first of the calendar month, that the premium is in payment of the balance of that calendar month.

There is no merit in the defendant's contention that the judgment is wrong because plaintiff failed to give it notice of the injury and to make proof of loss. The evidence shows that shortly after the accident defendant was notified of the injury, and that it did not give plaintiff the blanks upon which he was to make proof of loss, as the policy provided, which pro-

vision we have above quoted. And this, for the reason as testified to by a witness for the defendant, that defendant denied liability because of plaintiff's failure to pay the premium, the policy was not in effect on March 6. The defendant having placed its refusal to pay on that ground, and having failed to give plaintiff the blanks upon which to make his proof of loss, will not now be permitted to say that no recovery can be had because of the failure to make such proofs.

Although it is not important here, we might say that the evidence shows that the payments of $3 above mentioned were in payment of the $2 premium on the policy in question and $1 on another policy not involved here.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.